United States District Court
Southern District of Texas

**ENTERED**

November 25, 2015

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | MAGISTRATE NO. H-15-1532 |
| | § | |
| JEMERL KEION MOORE | § | |

ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held.  I conclude that the following facts are established by a preponderance of the evidence or clear and convincing evidence and require the detention of the above-named defendant pending trial in this case.

Findings of Fact

[ ] A.  Findings of Fact [18 U.S.C. § 3142(e), § 3142(f)(1)].

   [ ] (1)    The defendant has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

        [ ]    a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

        [ ]    an offense for which the maximum sentence is life imprisonment or death.

        [ ]    an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

        [ ]    a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

   [ ] (2)   The offense described in finding 1 was committed while the defendant was on release pending trial for a federal, state or local offense.

   [ ] (3)   A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding 1.

[ ] (4)   Findings Nos. 1, 2, and 3 establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community.  I further find that the defendant has not rebutted this presumption.

[X]   B.   Findings of Fact [18 U.S.C. § 3142(e)]

[X] (1)   There is probable cause to believe that the defendant has committed an offense

[ ]   for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C.
( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

[X]   under 18 U.S.C. § 924(c).

[X] (2)   The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

[X]   C.   Findings of Fact [18 U.S.C. § 3142(f)(2)]

[X] (1) Defendant is accused of aiding and abetting interference with commerce by robbery in violation of 18 U.S.C. § 1951 and aiding and abetting use of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c).

[X] (2)  There is a serious risk that the defendant will flee.

[X] (3)  Defendant represents a danger to the community.

[ ] (4)  There is a serious risk that the defendant will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror, or attempt to do so).

[X]   D.   Findings of Fact [18 U.S.C. § 3142(c)]

[ ] (1)  As a condition of release of the defendant, bond was set as follows:

[ ] (2)

[X] (3)  I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the appearance of the defendant as required.

[X] (4) I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the safety of any other person or the community.

Written Statement of Reasons for Detention

I find that the accusations in the complaint, information submitted in the Pretrial Services Agency report, and information at the detention hearing establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and by clear and convincing evidence that no conditions will assure the safety of the community.

I conclude that the following factors specified in 18 U.S.C. § 3142(g) are present and are to be taken into account:

1.      Defendant is currently detained at Harris County Jail pending three felony charges for which he is on no bond status.

2.      Defendant is a 24 year old U.S. citizen born in Houston, Texas. He reports that he lived with his grandmother and brother for five year prior to his arrest, but his grandmother denies he lived with her. He denies possessing a passport or ever having traveled outside the United States. His father lives in Port Arthur and his mother lives in Houston. He is in contact with his mother and 7 half siblings who all reside in Houston. He is single and has a 7 year old son who lives with defendant's grandmother. He is unemployed.

3.      Defendant has a lengthy criminal history that includes juvenile charges of unauthorized use of a motor vehicle and evading arrest with a motor vehicle. He failed to complete the terms of deferred adjudication. He has multiple convictions for possession of marijuana, assault on a family member, and for evading arrest. He also has convictions for trespass, failure to identify, and making a terroristic threat. He is currently in state custody on felony aggravated robbery, aggravated assault and felond in possession of a weapon charges that are related to the pending charges.

4.      Defendant is accused of aiding and abetting interference with commerce by robbery in violation of 18 U.S.C. § 1951 and aiding and abetting use of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c). He faces a potential penalty of up to 20 years in prison, plus 7 years consecutive to the underlying sentence on the firearm charge.

5.      There is no condition or combination of conditions of release which would assure the appearance of the defendant in court or the safety of the community. Detention is ordered.

Directions Regarding Detention

It is therefore ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending

appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with all court proceedings.


Signed at Houston, Texas, on November 16, 2015.


_____
Stephen Wm Smith
United States Magistrate Judge